IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON JAMES PIERCE,

    Plaintiff,                                 No. 2:11-cv-3392 MCE DAD P

    vs.

G. TURNER, et al.,                             ORDER AND

    Defendants.                     FINDINGS AND RECOMMENDATIONS

                                    /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        On January 3, 2013, defendants filed a motion to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g) and to stay these proceedings pending ruling on that motion. Plaintiff opposes the motion.[1]

---

[1] Plaintiff filed his opposition to the motion on January 17, 2013 (ECF No. 39), and defendants filed their reply brief on January 23, 2013 (ECF No. 40). On February 4, 2013, plaintiff filed a document styled "Response and Objection to the 01/23/13 Dated Reply to Plaintiff's Objections to Defendant's Motion to Revoke In Forma Pauperis Status and Request to Stay Proceedings . . ." (ECF No. 42.) On February 7, 2013, defendants filed a motion to strike

1

1       Section 1915(g) of Title 28 of the United States Code provides:

2       In no event shall a prisoner bring a civil action or appeal a
judgment in a civil action or proceeding under this section if the
3       prison has, on 3 or more prior occasions, while incarcerated or
detained in any facility, brought an action or appeal in a court of
4       the United States that was dismissed on the grounds that it is
frivolous, malicious, or fails to state a claim upon which relief may
5       be granted, unless the prisoner is under imminent danger of serious
physical injury.

6

7 28 U.S.C. § 1915(g).  This action was filed on December 21, 2011.  In support of the motion,

8 defendants present evidence of two of plaintiff's civil actions that were, prior to the time this

9 action was filed, dismissed on the grounds that they were frivolous or malicious or failed to state

10 a claim upon which relief may be granted.[2]  (See Ex. A to Defendants' Request for Judicial

11 Notice filed Jan. 3, 2013 (Defs.' RJN) (ECF No. 37-1), Order filed Sept. 19, 2011 in Pierce v.

12 Flores, No. 1:108-cv-01508 SKO PC; Ex. C to Defs.' RJN (ECF No. 37-3), Order filed Jan. 29,

13 1999 in Pierce, et al. v. Candelaria, et al., No. 1:98-cv-05735 REC HGB.)  In the other case on

14 which defendants rely, however, the original complaint was dismissed and plaintiff was granted

15 thirty days in which to file an amended complaint "to cure the deficiencies" described in the

16 order.  (See Ex. B to Defs.' RJN (ECF No. 37-2) at 2-6.)  Thereafter, plaintiff did not file an

17 amended complaint and the action was dismissed without prejudice based on his failure to file an

---

19 the latter document as an unauthorized surreply.  On February 19, 2013, plaintiff filed a
document (ECF No. 45) styled as a motion to re-title the document he filed with the court on
20 February 4, 2013.  On March 11, 2013, defendants filed a motion to strike this document as a
second unauthorized surreply brief.  Briefing on a motion consists of the motion, an opposition,
21 and a reply brief.  Neither the Federal Rules of Civil Procedure nor the Local Rules of this Court
authorize further briefs responsive to reply briefs.  Moreover, by order filed December 11, 2012,
22 plaintiff was limited to filing one opposition to any motion filed by defendants, and only one
pending motion.  (Order filed Dec. 11, 2012 (ECF No. 34) at 2.)  Plaintiff was cautioned that
23 failure to comply with that order would result in improperly filed documents being stricken from
the record and might result in a recommendation that this action be dismissed.  Good cause
24 appearing, defendants' motions to strike the documents filed by plaintiff on February 4, 2013 and
February 19, 2013 will be granted.
25
    [2] Defendants' January 3, 2013 request for judicial notice of these orders (ECF No. 37)
26 will be granted.

amended complaint. (See Ex. B to Defs. RJN (ECF No. 37-2) at 7-8, Order filed Apr. 23, 2010 in Pierce v. Woodford, No. C 09-3343 RS (PR).) That case was dismissed for failure to file an amended complaint, not on the ground that it was "frivolous or malicious or failed to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). The latter dismissal does not, therefore, operate as a strike under 28 U.S.C. § 1915(g). Accordingly, defendants' motion to revoke plaintiff's in forma pauperis status should be denied and defendants should be directed to answer plaintiff's complaint within ten days from the date of any order adopting these findings and recommendations.

On February 19, 2013, plaintiff filed a motion for a court order requiring officials at the Ventura County Jail to provide him with photocopies of documents he has filed in this action. (ECF No. 46.) Plaintiff's request apparently arises from the fact that his legal documents were apparently lost by jail officials while plaintiff was released for eight hours to visit his ailing mother. The Clerk of the Court has notified plaintiff of the cost of obtaining copies of documents filed in this action. It appears that defense counsel has not received copies of all documents filed by plaintiff in this action, and there is no evidence that plaintiff has exhausted available administrative remedies at the jail with respect to his request that jail officials provide replacement copies of documents. Plaintiff's motion will therefore be denied.

Finally, on April 1, 2013, plaintiff filed a motion for summary judgment. (ECF No. 49). On April 8, 2013, defendants filed a motion for an extension of time to respond to the motion for summary judgment until after resolution of their motion to revoke plaintiff's in forma pauperis status (ECF No. 50). As noted above, defendants have not yet answered the complaint, and the court has not issued a scheduling order in this action. Good cause appearing, plaintiff's motion for summary judgment will be denied without prejudice to its renewal at a later stage of these proceedings in accordance with deadlines to be set by subsequent scheduling order. Defendants' motion for extension of time is moot and will therefore be denied.

/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' January 3, 2013 request for judicial notice (ECF No. 37) is granted;

2. Defendants' February 7, 2013 motion to strike plaintiff's unauthorized surreply (ECF No. 44) is granted;

3. Defendants' March 11, 2013 motion to strike plaintiff's second unauthorized surreply (ECF No. 48) is granted;

4. The documents filed by plaintiff on February 4, 2013 (ECF No. 42) and February 19, 2013 (ECF No. 45) are stricken from the record;

5. Plaintiff's February 19, 2013 motion for copies of dockets and for an order requiring jail officials to provide plaintiff with photocopies (ECF No. 46) is denied;

6. Plaintiff's April 1, 2013 motion for summary judgment (ECF No. 49) is denied without prejudice to its renewal at a later stage of these proceedings;

7. Defendants' April 8, 2013 motion for extension of time is denied; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' January 3, 2013 motion to revoke plaintiff's in forma pauperis status be denied; and

2. Defendants be directed to answer plaintiff's complaint within ten days from the date of any order by the district court adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

/////

1 parties are advised that failure to file objections within the specified time may waive the right to
2 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: April 18, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
pier11cv3392.mos