1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   AARON JAMES PIERCE,

11          Plaintiff,                    No. 2:11-cv-3392 MCE DAD P

12          vs.

13   G. TURNER, et al.,                   ORDER AND

14          Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          On January 3, 2013, defendants filed a motion to revoke plaintiff's in forma

21   pauperis status pursuant to 28 U.S.C. § 1915(g) and to stay these proceedings pending ruling on

22   that motion.  Plaintiff opposes the motion.[1]

23   _____

24          [1]  Plaintiff filed his opposition to the motion on January 17, 2013 (ECF No. 39), and
     defendants filed their reply brief on January 23, 2013 (ECF No. 40).  On February 4, 2013,
25   plaintiff filed a document styled "Response and Objection to the 01/23/13 Dated Reply to
     Plaintiff's Objections to Defendant's Motion to Revoke In Forma Pauperis Status and Request to
26   Stay Proceedings . . ." (ECF No. 42.)  On February 7, 2013, defendants filed a motion to strike

Section 1915(g) of Title 28 of the United States Code provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prison has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This action was filed on December 21, 2011.  In support of the motion, defendants present evidence of two of plaintiff's civil actions that were, prior to the time this action was filed, dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted.[2]  (See Ex. A to Defendants' Request for Judicial Notice filed Jan. 3, 2013 (Defs.' RJN) (ECF No. 37-1), Order filed Sept. 19, 2011 in Pierce v. Flores, No. 1:108-cv-01508 SKO PC; Ex. C to Defs.' RJN (ECF No. 37-3), Order filed Jan. 29, 1999 in Pierce, et al. v. Candelaria, et al., No. 1:98-cv-05735 REC HGB.)  In the other case on which defendants rely, however, the original complaint was dismissed and plaintiff was granted thirty days in which to file an amended complaint "to cure the deficiencies" described in the order.  (See Ex. B to Defs.' RJN (ECF No. 37-2) at 2-6.)  Thereafter, plaintiff did not file an amended complaint and the action was dismissed without prejudice based on his failure to file an

---

the latter document as an unauthorized surreply.  On February 19, 2013, plaintiff filed a document (ECF No. 45) styled as a motion to re-title the document he filed with the court on February 4, 2013.  On March 11, 2013, defendants filed a motion to strike this document as a second unauthorized surreply brief.  Briefing on a motion consists of the motion, an opposition, and a reply brief.  Neither the Federal Rules of Civil Procedure nor the Local Rules of this Court authorize further briefs responsive to reply briefs.  Moreover, by order filed December 11, 2012, plaintiff was limited to filing one opposition to any motion filed by defendants, and only one pending motion.  (Order filed Dec. 11, 2012 (ECF No. 34) at 2.)  Plaintiff was cautioned that failure to comply with that order would result in improperly filed documents being stricken from the record and might result in a recommendation that this action be dismissed.  Good cause appearing, defendants' motions to strike the documents filed by plaintiff on February 4, 2013 and February 19, 2013 will be granted.

[2]  Defendants' January 3, 2013 request for judicial notice of these orders (ECF No. 37) will be granted.

amended complaint.  (See Ex. B to Defs. RJN (ECF No. 37-2) at 7-8, Order filed Apr. 23, 2010 in Pierce v. Woodford, No. C 09-3343 RS (PR).)  That case was dismissed for failure to file an amended complaint, not on the ground that it was "frivolous or malicious or failed to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g).  The latter dismissal does not, therefore, operate as a strike under 28 U.S.C. § 1915(g).  Accordingly, defendants' motion to revoke plaintiff's in forma pauperis status should be denied and defendants should be directed to answer plaintiff's complaint within ten days from the date of any order adopting these findings and recommendations.

On February 19, 2013, plaintiff filed a motion for a court order requiring officials at the Ventura County Jail to provide him with photocopies of documents he has filed in this action.  (ECF No. 46.)  Plaintiff's request apparently arises from the fact that his legal documents were apparently lost by jail officials while plaintiff was released for eight hours to visit his ailing mother.  The Clerk of the Court has notified plaintiff of the cost of obtaining copies of documents filed in this action.  It appears that defense counsel has not received copies of all documents filed by plaintiff in this action, and there is no evidence that plaintiff has exhausted available administrative remedies at the jail with respect to his request that jail officials provide replacement copies of documents.  Plaintiff's motion will therefore be denied.

Finally, on April 1, 2013, plaintiff filed a motion for summary judgment.  (ECF No. 49).  On April 8, 2013, defendants filed a motion for an extension of time to respond to the motion for summary judgment until after resolution of their motion to revoke plaintiff's in forma pauperis status (ECF No. 50).  As noted above, defendants have not yet answered the complaint, and the court has not issued a scheduling order in this action.  Good cause appearing, plaintiff's motion for summary judgment will be denied without prejudice to its renewal at a later stage of these proceedings in accordance with deadlines to be set by subsequent scheduling order.  Defendants' motion for extension of time is moot and will therefore be denied.

/////

1    In accordance with the above, IT IS HEREBY ORDERED that:

2    1.  Defendants' January 3, 2013 request for judicial notice (ECF No. 37) is

3    granted;

4    2.  Defendants' February 7, 2013 motion to strike plaintiff's unauthorized surreply

5    (ECF No. 44) is granted;

6    3.  Defendants' March 11, 2013 motion to strike plaintiff's second unauthorized

7    surreply (ECF No. 48) is granted;

8    4.  The documents filed by plaintiff on February 4, 2013 (ECF No. 42) and

9    February 19, 2013 (ECF No. 45) are stricken from the record;

10   5.  Plaintiff's February 19, 2013 motion for copies of dockets and for an order

11   requiring jail officials to provide plaintiff with photocopies (ECF No. 46) is denied;

12   6.  Plaintiff's April 1, 2013 motion for summary judgment (ECF No. 49) is denied

13   without prejudice to its renewal at a later stage of these proceedings;

14   7.  Defendants' April 8, 2013 motion for extension of time is denied; and

15   IT IS HEREBY RECOMMENDED that:

16   1.  Defendants' January 3, 2013 motion to revoke plaintiff's in forma pauperis

17   status be denied; and

18   2.  Defendants be directed to answer plaintiff's complaint within ten days from the

19   date of any order by the district court adopting these findings and recommendations.

20   These findings and recommendations are submitted to the United States District

21   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

22   days after being served with these findings and recommendations, any party may file written

23   objections with the court and serve a copy on all parties.  Such a document should be captioned

24   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

25   objections shall be filed and served within fourteen days after service of the objections.  The

26   /////

1  parties are advised that failure to file objections within the specified time may waive the right to

2  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: April 18, 2013.

4

5  _____

6  DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

7

8

9  DAD:12
   pier11cv3392.mos

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

5