IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AARON JAMES PIERCE, | | |
| | Plaintiff, | No. 2:08-cv-1148 MCE DAD P |
| vs. | | |
| DOCTOR BARON, et al., | | |
| _____ / | | |
| AARON JAMES PIERCE, | | |
| | Plaintiff, | No. 2:11-cv-3392 MCE DAD P |
| vs. | | |
| G. TURNER, et al., | | |
| | Defendants. | ORDER |
| _____ / | | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with the above-captions civil rights actions pursuant to 42 U.S.C. § 1983. The actions have been referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On June 21, 2013, defendants filed a motion to dismiss Case No. 2:11-cv-3392 as barred by the applicable statute of limitations. (ECF No. 60.) On July 1, 2013, plaintiff filed an opposition to the motion to dismiss (ECF No. 61) and on July 8, 2013, defendants filed a reply

1

(ECF No. 62). On July 11, 2013, plaintiff filed a declaration in opposition to the motion to dismiss. (ECF No. 63.) On July 16, 2013, defendants filed a motion to strike that document as an unauthorized surreply. (ECF No. 64.) On July 22, 2013, plaintiff filed a further response to the motion to dismiss (ECF No. 65) and on July 26, 2013, plaintiff filed an opposition to defendants' July 16, 2013 motion to strike plaintiff's declaration (ECF No. 67). On July 30, 2013, defendants filed another motion to strike (ECF No. 68) and on August 23, 2013, plaintiff filed a motion for an extension of time to file an opposition to the latter motion to strike (ECF No. 70).

Review of all of the foregoing documents reveals that plaintiff's opposition to defendants' motion to dismiss appears to be grounded in his view that he timely filed Case No. 2:08-cv-1148 MCE DAD P and that the claims raised in his amended complaint in Case No. 11-cv-3392 MCE DAD P are directly related to the claims raised in Case No. 2:08-cv-1148 MCE DAD P. By order filed January 24, 2013, pursuant to Local Rule 123(a), these two actions were found to be related and the later filed action reassigned accordingly following the filing of a notice of related cases by defendants in both actions. In the notice of related cases filed January 7, 2013 in Case No. 2:08-cv-1148 MCE DAD P, counsel for defendants requested that Case No. 2:11-cv-3392 MCE DAD P "be merged into" that action because that action "is the earlier filed lawsuit" and because Case No. 2:08-cv-1148 MCE DAD P "fully encompasses the issues presented" in this action. Notice of Related Cases, filed January 7, 2013 (ECF No. 182) at 2.

The positions of each of the parties and this court's review of the amended complaint filed in Case No. 11-cv-3392 MCE DAD P on June 27, 2012 (ECF No. 22) and the fifth amended complaint filed in Case No. 2:08-cv-1148 MCE DAD P on December 27, 2012 (ECF No. 181) confirm that the claims raised in both actions should be litigated in the same action. The fifth amended complaint filed by plaintiff in Case No. 2:08-cv-1148 MCE DAD P raises essentially the same claims as those raised in plaintiff's amended complaint filed in Case No. 11-cv-3392. In addition, plaintiff has named six of the same defendants in each action: Dr.

1  Baron, Sergeant Turner, Lieutenant Gower, Officer Braida, Officer Young, and Officer Hawks.
2  In Case No. 2:11-cv-3392 MCE DAD P plaintiff has also named Dr. Goller and Correctional
3  Officer C. Nelson as defendants; in Case No. 2:08-cv-1148 MCE DAD P plaintiff has named Dr.
4  Luca and Officer Koenig as additional defendants.  The court in Case No. 11-cv-3392 MCE
5  DAD P has found that the amended complaint states cognizable claims for relief only against
6  defendants Baron, Turner, and Gower.  Plaintiff's fifth amended complaint in Case No. 08-cv-
7  1148 MCE DAD P is pending screening pursuant to 28 U.S.C. § 1915.
8      Good cause appearing, the court will dismiss Case No. 2:11-cv-3392 MCE DAD
9  P without prejudice as duplicative of the earlier filed action. The court will, by separate order,
10 screen plaintiff's fifth amended complaint and make such further orders for proceedings in Case
11 No. 2:08-cv-1148 MCE DAD P as may be appropriate.[1]  All pending motions in Case No. 2:11-
12 cv-3392 MCE DAD P will be denied.  Nothing in this order shall be construed to prevent
13 defendants from asserting all available defenses to any cognizable claims raised in Case No.
14 2:08-cv-1148 MCE DAD P.  In addition, the court will direct the Clerk of the Court to enter the
15 appearance of defendants Turner, Gower, and Baron through their counsel in Case No. 11-cv-
16 3392 MCE DAD P on the record in Case No. 08-1148 MCE DAD P.  Defendants Turner,
17 Gower, and Baron will not be required to respond in Case No. 08-1148 MCE DAD P until
18 further order of court.
19     In accordance with the above, IT IS HEREBY ORDERED that:
20     1. Case No. 11-cv-3392 MCE DAD P is dismissed without prejudice.
21 /////
22 /////
23

---

24  [1] Should plaintiff seek to proceed on claims against Dr. Goller or Correctional Officer Nelson, he may, within no more than twenty days, file in Case No. 2:08-cv-1148 MCE DAD P a
25  motion for leave to file a sixth amended complaint accompanied by a proposed sixth amended complaint that names all of the defendants and raises all of the claims on which he intends to
26  attempt to proceed in that action.

1    2. All pending motions in Case No. 11-cv-3392 MCE DAD P are denied.
Defendants' motion to dismiss in Case No. 11-cv-3392 MCE DAD P is denied without prejudice.

3. Henceforth, plaintiff shall proceed solely in Case No. 08-cv-1148 MCE DAD P on the claims raised in the above-captioned actions.

4. The Clerk of the Court shall enter the appearance of defendants Turner, Gower, and Baron through their counsel in Case No. 11-cv-3392 MCE DAD P on the record in Case No. 08-cv-1148 MCE DAD P.  Defendants Turner, Gower, and Baron are not required to respond in Case No. 08-1148 MCE DAD P until further order of court.

DATED: September 5, 2013.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
pier11cv3392.mos